FRANKLIN C. DAVIS *versus* SUMNER RUSSELL.

A railroad corporation, as soon as their track has been located, may take immediate possession.

The owner of land taken for the road by such location, failing to agree with the company as to his damages, may, at any time within three years, apply to the county commissioners, who shall estimate his damages, and, if requested, require the corporation to give security for their payment; whereupon the right of the corporation to enter upon the premises, except for making surveys, is suspended until the security is given.

But where no application has been made to the county commissioners to estimate the damages, an action of trespass, brought within three years after the location, against the company or its agent, cannot be maintained.

ON REPORT by HATHAWAY, J.

THIS was an action of TRESPASS *quare clausum fregit,* the plaintiff being the owner of one undivided twelfth part of certain premises in Farmington, and naming the other co-tenants in the writ, according to the provisions of the Revised Statutes of 1857, c 95, § 14. The trespasses are alleged to have been committed from Jan. 1, 1858, to Sept. 9, 1858. Plea, the general issue, with a brief statement alleging that the acts were done as the servant of the Androscoggin Railroad Company, who claimed to own the premises.

The plaintiff, as also the other co-tenants, derived their title from the will of Sylvanus Davis, who having deceased, said will had been duly proved.

There was testimony tending to show the acts of trespass, or a part of them, alleged in the writ.

The defendants introduced an instrument under seal, dated June 20, 1856, given by Edward P. Davis to the Androscoggin Railroad Company, by which said Davis, in consideration of fifty dollars acknowledged to have been paid to him by said company, covenanted to give them on demand a good and sufficient deed of the same premises on which the alleged trespasses were committed. Edward P. Davis owned three undivided twelfth parts of the premises.

Edward P. Davis, called by the plaintiff, testified that he signed the agreement, after being urged to do so, because oth-

er land owners in the vicinity had given a right of way across their land; but that his mother, who owned eight-twelfths of the premises, did not assent to the contract.

The defendant introduced the location of the road, and called A. B. Crosby, who testified that he made the location, and located the depot on the land in question.

John B. Jones, called by the defendant, testified that he saw Davis' mother, when he made the bargain with Davis, and she said she would join in the deed. He further stated that he, as one of the directors of the company, had repeatedly demanded a deed of Edward P. Davis, but had obtained none.

Mrs. Tarbox, the mother of the plaintiff and of E. P. Davis, called by the plaintiff, testified that, when called upon by Jones, she repeatedly refused to give the land; that she never read the writing given by her son, but told him to do what he pleased with his own part; and that she afterwards directed him to forbid the defendant occupying the land.

The plaintiff and E. P. Davis both forbid the defendant occupying the land in June, 1858.

The company built their depot on the premises, the defendant aiding more or less.

The testimony having been adduced, the case was withdrawn from the jury, and the evidence reported, for the full Court, with jury powers, to enter such judgment as law and evidence may require.

*John S. Abbott,* for the plaintiff, argued that the paper signed by E. P. Davis conveyed no title to the land, nor was there any evidence tending to show title in the company, or any defence to the action.

*J. H. Webster,* for the defendant.

The plaintiff and his brother E. P. Davis, at the time the latter gave the railroad company a bond to convey the premises, were in exclusive possession, as admitted by their mother. By the bond of E. P. Davis, he gave the company immediate possession of the premises. The case finds that they con-

tinued to occupy the land, without objection, until June, 1858. On these facts, can this action be maintained ?

At least, the company obtained possession of E. P. Davis's three-twelfths of the land, and became co-tenants of the other owners. Can one co-tenant maintain trespass against another, unless it be for waste ?

The time limited for the company to file its location had not elapsed when this action was brought. The location was made in June, 1856, and trespass could not be brought if the damages were assessed within three years thereafterwards. R. S., c. 51, § 5. The action was prematurely brought.

The *locus in quo* was taken, under the statute, by the location made in June, 1856.

*Abbott*, in reply, argued that E. P. Davis's agreement was a mere undertaking, when called upon, to give the company a deed of the premises. It gives them no right or permission to occupy immediately.

Section 4 of c. 51, R. S., provides that the company shall not enter upon land taken for railroads, except to make surveys, until the location is filed, and the damages assessed and secured. It is not shown that the location has been filed. The damages have not been assessed or secured. The occupation of the premises by the company is, therefore, unauthorized.

The opinion of the Court was drawn up by

DAVIS, J. — This is an action of trespass *quare clausum fregit.* The defendant justifies as servant of the Androscoggin Railroad Company. The writ is dated September 9th, 1858. The railroad was located June 13th, 1856.

Where land is taken by a railroad corporation, under the provisions of their charter, they have a reasonable time to make compensation to the owner. And, though they enter into immediate occupation, they are not trespassers, unless guilty of unreasonable delay in making payment to the owner. *Cushman* v. *Smith*, 34 Maine, 247.

There are various provisions of statute, enacted at differ-

ent periods, designed, not to supersede or abridge the remedies which the owners of lands so taken had at common law, but to provide remedies more speedy and certain.

As soon as a railroad is located, the corporation have the right to take possession. If they do not agree upon the damages with any owner of land taken by them, such owner, at any time within three years, may apply to the county commissioners to estimate the damages sustained by him. And the commissioners, if requested by the owner, shall require such corporation to give security for the payment of all such damages and costs. Thereupon the right of the corporation to enter upon such land, except for making surveys, is "suspended," until such security is given. And when the proceedings are closed, payment must be made to the owner within thirty days after it is demanded. R. S., 1841, c. 81; Stat., 1853, c. 41; R. S., 1857, c. 51.

Although these statute provisions are designed to furnish the owners of lands so taken for public use with cumulative remedies, and not to take away such as they had before, they have an important bearing upon the question of unreasonable delay, or negligence, on the part of the corporation. The owner of the land has three years within which to pursue his remedies under the statutes. If the agents of the corporation are unable to agree with him, it is for *him,* and not for *them,* to apply to the county commissioners. The statutes plainly imply that, by such application alone, shall the right of the corporation to enter upon the land be "suspended." Until then, at any time within the three years, whatever other liabilities may rest upon the corporation, or upon their agents, they are not liable in *trespass.*

The plaintiff in this case did not resort to the remedies provided by the statutes. And, as the three years from the date of the location had not expired when the suit was commenced, the action was prematurely brought. According to the agreement of the parties, a *nonsuit must be entered.*

TENNEY, C. J., and RICE, APPLETON, GOODENOW, and KENT, JJ., concurred.